United States Courts
Southern District of Texas
FILED

**May 21, 2025**

Nathan Ochsner, Clerk of Court

Sean August Mueller, pro se
HOMELESS (physical address):
Salvation Army
1717 Congress Street
Houston, TX 77002
(832) 726-4929
seanmueller165@gmail.com

## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| **SEAN AUGUST MUELLER**, PRO SE<br><br>Plaintiff,<br><br>vs.<br><br>**HARRIS COUNTY HOUSING AUTHORITY (HEREINAFTER "HCHA"), AND DEBRA MCCRAY, DIRECTOR, HOUSING CHOICE VOUCHER PROGRAM,**<br><br>Defendant. | Case No.: (TO BE ADDED BY THE COURT)<br><br>**CIVIL ACTION FOR VIOLATIONS OF FEDERAL HOUSING LAWS AND NEGLIGENCE** |

### I. INTRODUCTION

This action seeks redress for the discriminatory and negligent actions, and clear bias of Defendants, **HARRIS COUNTY HOUSING AUTHORITY** ("HCHA") and **DEBRA MCCRAY**, Director of its Housing Choice Voucher Program, against Plaintiff, **SEAN AUGUST MUELLER**, a homeless, disabled veteran. Defendants have violated the Fair Housing Act, 42 U.S.C. § 3601 et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 794, by denying Plaintiff a reasonable accommodation necessary for him to access and utilize the benefits of the

CIVIL ACTION FOR VIOLATIONS OF FEDERAL HOUSING LAWS AND NEGLIGENCE - 1

Housing Choice Voucher Program and by otherwise discriminating against him based on his disability.

Plaintiff further contends that Defendants, **HCHA** and **DEBRA MCCRAY**, have been negligent and demonstrated clear bias in their administration of the **Housing and Urban Development - Veterans Affairs Supportive Housing (HUD-VASH)** program, a program specifically designed to assist homeless veterans to obtain housing, integrate into their communities, and participate in meaningful activities.  A deep analytical dive into **HCHA's** payment standards reveals a systemic problem:  48% of **HCHA's** zip codes within the **Houston Housing Authority (HHA)** service area have payment standards falling outside **HUD's** own Fair Market Rent (FMR) range of 90-110%, as exemplified by zip code 77027 (where Plaintiff desires to live) where **HCHA's** payment standard was set at 69% of the FMR.  This widespread failure to comply with federal guidelines mandated by **HUD** FMRs has directly hindered **Mr. Mueller's** ability to find suitable housing within the voucher amount, as landlords in areas like the 77027 zip code would not accept the insufficient payment standard, perpetuating his homelessness.  This systemic non-compliance demonstrates **HCHA's** problematic partnership with **HUD** and the **Veterans Administration (VA)**, hindering the very mission these agencies strive to achieve and causing significant damage to vulnerable individuals like Plaintiff, as well as potentially a broader class of beneficiaries.

This denial and negligence, fueled by bias and indicative of systemic issues, have perpetuated Plaintiff's homelessness and hindered his

ability to secure suitable housing and employment. **HCHA's** failure to adhere to **HUD** regulations and establish reasonable payment standards constitutes a clear breach of their duty of care, and it was foreseeable that these actions, potentially driven by bias and reflecting systemic deficiencies, would result in Plaintiff's inability to secure housing and the perpetuation of his homelessness. Plaintiff, **SEAN AUGUST MUELLER**, requested a reasonable accommodation in the form of an adjusted payment standard to secure housing that meets his suitability and disability-related needs, consistent with **HUD** regulations regarding Fair Market Rent. The Defendants denied this request, citing their payment standard and concerns about **HUD's** 40% rule. The 40% rule, which generally pertains to the tenant's portion of the rent not exceeding 40% of their adjusted monthly income at initial occupancy, was irrelevant to Plaintiff's request for a reasonable accommodation in the payment standard to meet his disability-related needs. **HCHA's** reliance on this inapplicable rule suggests a fundamental misunderstanding of their obligations regarding reasonable accommodations under federal law and the proper administration of the Housing Choice Voucher Program. This denial occurred within the context of HCHA's systemic non-compliance with FMR guidelines.

Compounding HCHA's unreasonable and unhelpful denial, the denial letter, signed by Defendant Debra McCray, stated: 'Please contact Debra McCray at debra.mccray@hchatexas.org to schedule a meeting to discuss other options that is available to you.' (sic) This statement was accompanied by a footnote referencing HCHA's Administrative Plan, Chapter 2-8, which explicitly

mandates: 'If the HCHA denies a request for an accommodation because it is not reasonable (it would impose an undue financial and administrative burden or fundamentally alter the nature of the HCHA's operations), the HCHA will discuss with family whether an alternative accommodation could effectively address the family's disability related needs without a fundamental alteration to the HCV program and without imposing an undue financial and administrative burden.' Despite this clear internal policy requiring discussion of alternative accommodations when a request is deemed "not reasonable," HCHA's denial was based on a misapplication of the 40% rule, not on a finding of undue burden or fundamental alteration.  Furthermore, HCHA made no genuine effort to discuss alternative accommodations that could effectively address Plaintiff's disability-related needs.  This perfunctory reference to a meeting, contradicted by the actual basis of the denial and devoid of any substantive engagement, demonstrates a deliberate failure to adhere to its own administrative plan and a complete breakdown of the interactive process required for reasonable accommodations.

On April 11, 2025, HCHA issued Plaintiff a Housing Choice Voucher.  However, the 77027 zip code, where the suitable apartment was located, was not included on HCHA's list of approved zip codes, creating an immediate obstacle to Plaintiff securing the identified housing.  On the same day, Plaintiff notified HCHA that the 77027 zip code was not on the approved list.  HCHA is required by HUD regulations to administer HUD-VASH vouchers, which fall under the Housing Choice Voucher Program, throughout its covered

CIVIL ACTION FOR VIOLATIONS OF FEDERAL HOUSING LAWS AND NEGLIGENCE - 4

jurisdiction.  Because Plaintiff is utilizing a HUD-VASH voucher, this obligation extends to areas within the HHA jurisdiction, where the 77027 zip code is located.

Plaintiff also contends that HCHA's rigid adherence to an artificially low and inconsistently applied payment standard, without considering the necessity of adjustments for reasonable accommodations related to suitability and disability, constitutes a breach of their duty of care and directly impedes his ability to access housing that allows him to obtain the skills and resources needed to resume an independent and dignified life in the community, further demonstrating their negligence and bias in administering the HUD-VASH program, likely symptomatic of systemic failures within the agency.  The inconsistent information provided by HCHA regarding its payment standards further underscores the discriminatory nature and clear bias of the denial and HCHA's negligence.  This inconsistency, coupled with the systemic non-compliance with HUD's FMR range, affecting 48% of their zip codes within the HHA service area, highlights a deeply concerning pattern of mismanagement and disregard for federal regulations mandated by HUD FMRs.  This disregard damages the partnership between HCHA, HUD, and the VA.  As a direct result of the Defendants' actions, Plaintiff has been denied equal access to housing opportunities and has suffered significant harm, and the integrity of the HUD-VASH program in Harris County has been compromised due to these apparent systemic issues.

## II. JURISDICTION AND VENUE

CIVIL ACTION FOR VIOLATIONS OF FEDERAL HOUSING LAWS AND NEGLIGENCE - 5

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 3613(a) (civil action under the Fair Housing Act), 42 U.S.C. § 12133 (enforcement of Title II of the ADA), and 29 U.S.C. § 794(e) (remedies under the Rehabilitation Act).  Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas, and the Defendants are located within this District.

### III.  PARTIES

**For clarity, the Department of Housing and Urban Development (HUD) and the Department of Veterans Affairs (VA) are not parties to this agreement.**

**PLAINTIFF:  SEAN AUGUST MUELLER**

- A proud and highly decorated veteran of the United States Armed Forces, specifically the Marine Corps.  Plaintiff received the third-highest unit award for heroism that the nation can award - the Navy and Marine Corps Unit Commendation medal for actions rescuing Captain Scott O'Grady out of Bosnia. Plaintiff served 4 years active duty and received an Honorable Discharge.

- A disabled individual as defined by federal law, requiring reasonable accommodations.  Currently experiencing continued

CIVIL ACTION FOR VIOLATIONS OF FEDERAL HOUSING LAWS AND NEGLIGENCE - 6

homelessness due to the discriminatory actions of the
Defendants and the systemic failures within **HCHA**.

- Seeking legal protection to secure his right to fair housing and
  prevent further harm caused by **HCHA's** actions and systemic
  deficiencies.

## DEFENDANT: **HARRIS COUNTY HOUSING AUTHORITY (HCHA)**

- Address: 1933 Hussion St, Houston, TX  77003
- A public housing agency operating within Harris County, Texas.
- Responsible for administering the Housing Choice Voucher
  Program, including the **HUD-VASH** program for homeless
  veterans.  Legally obligated to comply with federal anti-
  discrimination laws, including the FHA, ADA, and Rehabilitation
  Act, and to maintain a functional partnership with **HUD** and the
  **VA**, which is undermined by its systemic non-compliance with
  federal regulations, including those mandated by **HUD** FMRs.
- Subject to this legal action due to its alleged discriminatory
  practices, negligence, and apparent systemic failures in
  administering federal housing programs.

## DEFENDANT: **DEBRA McCray**

- Address: 1933 Hussion St, Houston, TX  77003
- Director of the Housing Choice Voucher Program for **HCHA**.
- Responsible for the administration and oversight of the program,
  including the **HUD-VASH** program, and the processing of

CIVIL ACTION FOR VIOLATIONS OF FEDERAL HOUSING LAWS AND NEGLIGENCE - 7

reasonable accommodation requests, within an agency exhibiting systemic issues.

- Named as a Defendant in her official capacity for her role in the discriminatory denial of Plaintiff's accommodation, potentially reflecting broader systemic practices.

## IV. STATEMENT OF FACTS

In early January 2025, Plaintiff, SEAN AUGUST MUELLER, applied for housing assistance through the **HUD-VASH** Program as administered by **HCHA**. As a homeless, disabled veteran, Plaintiff is part of a particularly vulnerable population that the federal government has prioritized for housing assistance, a priority seemingly undermined by **HCHA's** systemic problems. In connection with his application, Plaintiff requested reasonable accommodations to ensure that any housing he secured through the voucher program would meet his specific suitability and disability-related needs, consistent with **HUD** regulations regarding Fair Market Rent. Crucially, Plaintiff's initial request for a reasonable accommodation was a good-faith effort to amicably resolve the housing barrier, providing **HCHA** a clear opportunity to address the situation without any accusation of non-compliance or immediate resort to legal action. Despite this reasonable and cooperative approach, **HCHA's** response was not only unhelpful but fundamentally unreasonable, leaving Plaintiff with no choice but to pursue legal redress.

These suitability and disability- related needs are as follows.

Suitability-related needs defined as:

1.  Familiarity with area (Plaintiff previously lived in this area
    (77056) before being evicted).

2.  Quiet neighborhood to minimize triggers and promote Plaintiff's
    emotional well-being.

3.  Easy access and close proximity to public transportation as
    Plaintiff cannot drive (to include grocery stores, pharmacies and
    the like).

4.  Low crime:  Experiencing homelessness involved exposure to
    unsafe environments;  living in a low-crime area is essential for
    Plaintiff's sense of security and mental well-being, allowing him
    to focus on reintegration and stability.

5.  Vulnerability in High-Crime Areas:  As a disabled veteran
    navigating housing after homelessness, a low-crime environment
    is critical for Plaintiff's personal safety and preventing further
    hardship.

6.  Escape from Unsafe Conditions:  Securing housing through the
    **HUD-VASH** program aims to escape the often unsafe and
    unpredictable conditions of homelessness, which a high-crime
    area would undermine for Plaintiff.

7.  Healthy Living Environment (Well-Built Apartment):  A well-built
    apartment is crucial for maintaining a healthy living environment,
    minimizing issues like mold, poor ventilation, and pests that can

exacerbate Plaintiff's chronic multi symptom illnesses (CMI) respiratory and other health concerns.

8. Structural Integrity and Safety (Well-Built Apartment):  Proper construction ensures structural integrity, reducing the risk of accidents and safety hazards within the dwelling for Plaintiff.

9. Other veterans live at Tower Gardens 77027 under the **HUD-VASH** program.

10.    Good area for professional level employment for Plaintiff.

11.    Proximity to support networks:  Including friends, colleagues, and other crucial support systems in the area to aid Plaintiff's reintegration after homelessness.

Disability-related needs defined as:

1. First level apartment due to Plaintiff's chronic mobility issues.

2. Safe and accessible transport to VA Hospital for Plaintiff.

3. Quiet neighborhood to accommodate Plaintiff's hearing sensitivities related to tinnitus and to mitigate symptoms of CMI caused by burn pit exposure during service.

4. Mental Health Impact of High-Crime Areas:  Living in a high-crime area would exacerbate Plaintiff's anxiety and other mental health symptoms related to his military service and homelessness.  A low-crime environment promotes calm and stability for Plaintiff.

5.  **Increased Physical Safety Risks in High-Crime Areas:** Due to Plaintiff's disabilities, he may be more vulnerable to becoming a target of crime, making a low-crime area essential for minimizing the risk of physical harm or exploitation against Plaintiff.

6.  **Specialty fire alarms with visual aids:** To accommodate Plaintiff's bilateral hearing loss.

The Defendants denied this request, citing their payment standard and concerns about **HUD's** 40% rule. The 40% rule, which generally pertains to the tenant's portion of the rent not exceeding 40% of their adjusted monthly income at initial occupancy, was irrelevant to Plaintiff's request for a reasonable accommodation in the payment standard to meet his disability-related needs. **HCHA's** reliance on this inapplicable rule suggests a fundamental misunderstanding of their obligations regarding reasonable accommodations under federal law and the proper administration of the Housing Choice Voucher Program. This denial occurred within the context of **HCHA's** systemic non-compliance with FMR guidelines.

On April 11, 2025, **HCHA** issued Plaintiff a Housing Choice Voucher. However, the 77027 zip code, where the suitable apartment was located, was not included on **HCHA's** list of approved zip codes, creating an immediate obstacle to Plaintiff securing the identified housing. Plaintiff immediately notified **HCHA** that the 77027 zip code was not on the approved list. **HCHA** is required by **HUD** regulations to administer **HUD-VASH** vouchers, which fall under the Housing Choice Voucher Program, throughout its covered

jurisdiction.  Because Plaintiff is utilizing a **HUD-VASH** voucher, this obligation

extends to areas within the **HHA** jurisdiction, where the 77027 zip code is

located.

Further demonstrating **HCHA's** systemic non-compliance and

arbitrary administration, **HCHA** provided Plaintiff, included in his voucher

packet, with a sheet detailing a uniform payment standard of $1,119 for 68

distinct zip codes across the vast **HHA** jurisdiction.  This singular payment

standard, applied indiscriminately across over 600 square miles and

encompassing more than two million residents, is demonstrably inadequate and

in direct violation of federal guidelines.  A comprehensive analysis reveals that

for approximately 48% of these zip codes, this $1,119 payment standard falls

well below the mandatory 90% threshold of **HUD's** published Fair Market Rents

(FMRs) for a one-bedroom unit, as required by 24 C.F.R. § 982.503(b)(1)(i).  For

example, if zip code 77027 had been listed (where Plaintiff desires to live),  and

assuming it would have shown the $1,119 payment standard, that would

represent only approximately 59% of the FY2025 FMR of $1,910.  This

widespread and egregious failure to adhere to **HUD's** basic payment standard

requirements significantly limits housing options for voucher holders, including

disabled veterans like Plaintiff, and effectively sabotages the very purpose of the

Housing Choice Voucher and **HUD-VASH** programs in Harris County.

**HCHA's** initial failure to include the 77027 zip code on its approved

list, coupled with this widespread, non-compliant payment standard,

demonstrates a profound failure to comply with **HUD** mandates and constitutes

CIVIL ACTION FOR VIOLATIONS OF FEDERAL HOUSING LAWS AND NEGLIGENCE - 12

a clear breach of its obligations under **HUD** regulations, potentially stemming

from bias against facilitating housing in that area or for the Plaintiff.  This further

demonstrates negligence in its administration of the **HUD-VASH** program and

highlights a systemic issue within **HCHA's** processes.

On April 16, 2025, Plaintiff was verbally informed by **VA** case

manager, Ms. Vilmont, that **HCHA** would administer housing in the 77027 zip

code, but with a payment standard of $1,310.  This amount is 69% of the **HUD**

FY2025 Fair Market Rent (FMR) of $1,910 for a one-bedroom unit, which is a

direct violation of **HUD** regulations at 24 CFR § 982.503(b)(1), requiring payment

standards to be within the range of 90% to 110% of the published FMR to ensure

voucher holders have access to a reasonable range of housing options.  Despite

Plaintiff's implicit and explicit requests for clarification on this discrepancy,

**HCHA** has failed to provide any documentation of an approved waiver from **HUD**.

While **HCHA** has the option to request a waiver from **HUD** to establish a payment

standard outside this range, there is no indication that **HCHA** ever sought or

obtained such a waiver, nor has **HCHA** ever proffered such approval, potentially

due to bias against approving a higher standard for the Plaintiff.  Plaintiff has not

formally requested documentation of any such waiver, and intends to pursue all

available legal means to obtain this and any other relevant documentation to

demonstrate the full extent of **HCHA's** non-compliance with **HUD** regulations.

This arbitrary and inconsistent application of payment standards, in the absence

of any approved waiver, further demonstrates **HCHA's** negligence and its bias in

administering the **HUD-VASH** program, and is indicative of a broader systemic

failure to adhere to federal guidelines.

Subsequently, in the formal denial letter, dated May 15, 2025, issued by

**HCHA** regarding Plaintiff's request for a reasonable accommodation, further

inconsistencies and violations of **HUD** regulations emerged. Initially, Plaintiff

was verbally informed on April 16, 2025, that the payment standard for the

77027 zip code would be $1,310. However, the subsequent denial letter

presented a different and even lower payment standard of $1,279, which is

approximately 67% of the FMR of $1,910. Both of these figures (representing

approximately 69% and 67% of the $1,910 FMR, respectively) fall well below

**HUD's** mandated basic range of 90%-110% of the Fair Market Rent (24 C.F.R. §

982.503(b)(1)(i)). Critically, establishing a payment standard below this basic

range requires specific approval from **HUD** (24 C.F.R. § 982.503(d)). The

unexplained and unauthorized shift from $1,310 to $1,279, lacking any indication

of a formal request or approval from **HUD**, clearly demonstrates **HCHA's**

disregard for these essential regulatory procedures. Compounding this issue,

the same denial letter explicitly acknowledged that **HCHA** must use 100% of the

Fair Market Rent (FMR) for the 77027 zip code, which is $1,910. Despite

acknowledging this correct FMR and its obligation to apply it fully, the letter then

contradictorily stated the applicable payment standard would be $1,279. This

sequence of conflicting information – the initial verbal quote, the unapproved

and lower amount in the denial letter, and the simultaneous admission within

that very letter that **HCHA** is required to use the full 100% FMR for that zip code –

CIVIL ACTION FOR VIOLATIONS OF FEDERAL HOUSING LAWS AND NEGLIGENCE - 14

unequivocally reveals profound confusion, mismanagement, and a blatant disregard for **HUD** regulations on **HCHA's** part.  This inconsistency directly undermines **HCHA's** justification for denying Plaintiff's reasonable accommodation request, highlighting the arbitrary and potentially discriminatory nature of their actions. **HCHA's** acknowledgment of the correct FMR coupled with its application of a significantly lower payment standard strongly suggests a systemic failure to properly administer the Housing Choice Voucher Program and a clear bias against facilitating Plaintiff's housing needs in a suitable location.

Plaintiff requires legal protection to ensure that **HCHA's** unlawful payment standards, part of a larger pattern of systemic non-compliance, do not impede his ability to secure appropriate housing through other housing programs.  As a direct result of this artificially low payment standard, the landlord of the suitable apartment in the 77027 zip code would not accept Plaintiff's voucher, directly impeding his ability to secure housing.

## V.  CAUSES OF ACTION

COUNT I:  VIOLATION OF THE FAIR HOUSING ACT (42 U.S.C.  § 3601 et seq.)

The Fair Housing Act prohibits discrimination in the sale or rental of, or otherwise making unavailable, a dwelling to any buyer or renter because of a handicap, 42 U.S.C.  § 3604(f)(1).  This includes the refusal to make reasonable accommodations in rules, policies, practices, or services, when such

accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling, 42 U.S.C. § 3604(f)(3)(B). Plaintiff, SEAN AUGUST MUELLER, is a person with a handicap as defined by 42 U.S.C. § 3602(h). **HCHA** is a provider of housing services and is subject to the Fair Housing Act. By denying Plaintiff's request for a reasonable accommodation regarding the payment standard, which was necessary to afford him an equal opportunity to use and enjoy housing available through the Housing Choice Voucher Program, Defendants **HCHA** and **DEBRA MCCRAY** have discriminated against Plaintiff based on his disability in violation of 42 U.S.C. § 3604(f)(3)(B). See Shapiro v. Cadman Towers, Inc., 51 F.3d 322 (2d Cir. 1995) (failure to provide reasonable accommodations violates the FHA). **HCHA's** denial of the adjusted payment standard, despite the clear need arising from **Mr. Mueller's** disability, constitutes a refusal to make a reasonable accommodation. **HCHA's** justification for the denial, based on a misapplication of the 40% rule, further demonstrates their failure to properly consider and process Plaintiff's request for a necessary accommodation and indicates a lack of fundamental understanding of their obligations under the Fair Housing Act. This discrimination is further evidence of systemic issues within **HCHA** that result in unequal treatment of vulnerable individuals. This discriminatory conduct, part of a pattern of systemic non-compliance with federal housing guidelines, has made housing unavailable to Plaintiff and otherwise interfered with his rights under the Fair Housing Act. See Trafficante v. Metropolitan Life Ins. Co., 409 U.S. 205 (1972) (FHA to be construed broadly to protect housing rights).

CIVIL ACTION FOR VIOLATIONS OF FEDERAL HOUSING LAWS AND NEGLIGENCE - 16

COUNT II: VIOLATION OF THE AMERICANS WITH DISABILITIES

ACT (42 U.S.C. § 12101 et seq.)

Title II of the ADA prohibits discrimination on the basis of disability

by public entities, including public housing agencies like **HCHA**, in the provision

of services, programs, or activities, 42 U.S.C. § 12132. This includes the

obligation to make reasonable modifications to policies, practices, or

procedures when necessary to avoid discrimination on the basis of disability,

unless the modifications would fundamentally alter the nature of the service,

program, or activity. Plaintiff, **SEAN AUGUST MUELLER**, is a qualified individual

with a disability within the meaning of the ADA, 42 U.S.C. § 12131(2). **HCHA** is a

public entity subject to Title II of the ADA. The Housing Choice Voucher

Program is a service, program, or activity provided by **HCHA**. By failing to make

a reasonable modification to its payment standard policy to accommodate

Plaintiff's disability-related housing needs, Defendants **HCHA** and **DEBRA**

**MCCRAY** have discriminated against Plaintiff on the basis of his disability,

denying him an equal opportunity to participate in and benefit from **HCHA's**

services, in violation of 42 U.S.C. § 12132. See Olmstead v. L.C., 527 U.S. 581

(1999) (Title II prohibits unjustified isolation of individuals with disabilities).

**HCHA's** reliance on the 40% rule, which is irrelevant to Plaintiff's request for a

reasonable modification, demonstrates their failure to properly consider and

process Plaintiff's request and indicates a lack of fundamental understanding of

their obligations under the Americans with Disabilities Act. This failure is

indicative of a systemic disregard for the needs of disabled individuals within **HCHA**'s programs.

COUNT III: VIOLATION OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794)

Section 504 of the Rehabilitation Act prohibits discrimination on the basis of disability in any program or activity receiving federal financial assistance, 29 U.S.C. § 794(a). This includes the obligation to provide reasonable accommodations to individuals with disabilities to ensure equal access to the benefits of the program or activity, unless such accommodations would impose an undue burden. Plaintiff, **SEAN AUGUST MUELLER**, is an individual with a disability as defined by 29 U.S.C. § 705(9). **HCHA** receives federal financial assistance and is therefore subject to Section 504 of the Rehabilitation Act. The Housing Choice Voucher Program is a program or activity that receives federal financial assistance. By denying Plaintiff's request for a reasonable accommodation regarding the payment standard, Defendants **HCHA** and **DEBRA MCCRAY** have discriminated against Plaintiff on the basis of his disability, denying him equal access to the benefits of the Housing Choice Voucher Program, in violation of 29 U.S.C. § 794(a). See Alexander v. Choate, 469 U.S. 287 (1985) (Rehabilitation Act requires meaningful access to federally funded programs). **HCHA**'s reliance on the 40% rule, which is irrelevant to Plaintiff's request for a reasonable accommodation, demonstrates their failure to properly consider and process Plaintiff's request and indicates a lack of

fundamental understanding of their obligations under the Rehabilitation Act. This denial is symptomatic of a broader systemic issue within **HCHA** that hinders access for disabled individuals.

### COUNT IV:  NEGLIGENCE

Under Texas law, housing authorities have a duty to exercise reasonable care in the administration of their programs to avoid foreseeable harm to applicants and participants.  This duty extends to ensuring that policies and practices do not unreasonably impede access to housing, particularly for vulnerable populations like individuals with disabilities.  Defendants **HCHA** and **DEBRA MCCRAY** owed a duty of care to Plaintiff, **SEAN AUGUST MUELLER**, in the administration of the Housing Choice Voucher Program and in ensuring equal access to its benefits for individuals with disabilities.  Defendants breached this duty by rigidly applying a uniform payment standard that violates **HUD** regulations and by failing to provide a reasonable accommodation for Plaintiff's suitability and disability-related needs (as defined above), thereby foreseeably causing Plaintiff to be unable to secure suitable housing.  The inconsistent and inaccurate information provided by **HCHA** regarding payment standards further demonstrates a lack of reasonable care in administering the program.  These actions are not isolated incidents but rather reflect a systemic failure to adhere to federal regulations and provide adequate care in the administration of the program.  As a direct and proximate result of Defendants' negligence, including their contribution to the systemic problems within **HCHA**,

Plaintiff, SEAN AUGUST MUELLER, has suffered damages, including but not limited to continued homelessness and the inability to secure suitable housing and employment.

## VI.  RELIEF SOUGHT

WHEREFORE, Plaintiff, **SEAN AUGUST MUELLER**, respectfully requests that this Court enter judgment against Defendants, **HARRIS COUNTY HOUSING AUTHORITY** and **DEBRA MCCRAY**, and grant the following relief:

A.  A declaratory judgment that the actions and inactions of Defendants violate the Fair Housing Act, the Americans with Disabilities Act, and the Rehabilitation Act.

B.  A mandatory injunction requiring Defendants to immediately reconsider and approve Plaintiff's request for a reasonable accommodation regarding the payment standard for the property located in the 77027 zip code, up to the **HUD**-allowed 110% of FMR, or to provide an alternative effective accommodation that allows Plaintiff to secure suitable housing that meets his suitability and disability-related needs through the Housing Choice Voucher Program.

C.  COMPENSATORY DAMAGES:

Plaintiff seeks compensatory damages from the HARRIS COUNTY HOUSING AUTHORITY's operational budget or other available funds, for the harm he has suffered as a direct result of Defendants' discriminatory conduct and negligence, including:

**D. ECONOMIC DAMAGES:**

Plaintiff has suffered significant and ongoing lost earnings and a severe reduction in earning capacity due to the direct and proximate result of Defendants' discriminatory and negligent actions, which have perpetuated his homelessness. Prior to becoming homeless, at Plaintiff's height of earnings, he made $2,500,000 per year, equating to $208,333.33 per month. While Plaintiff lives with disabilities, it was the Defendants' unlawful denial of a reasonable accommodation that directly led to his inability to secure stable housing through the Housing Choice Voucher Program.

This continued homelessness, directly caused by Defendants' conduct, has rendered it impossible for Plaintiff to:

- Maintain the consistent professional presence and image required for high-level employment.
- Access reliable internet, a stable mailing address, a working phone, and professional attire necessary for job applications, interviews, and remote work.
- Sustain the crucial professional network vital for securing opportunities at his prior earning level.
- Focus on skill development or reintegration efforts that stable housing would facilitate.

These tangible barriers, directly imposed by Defendants' actions, have resulted in a significant and ongoing loss of earning capacity.

Plaintiff claims these monthly lost earnings from April 11, 2025 (the date the voucher was issued) and continuing for the foreseeable future, representing the profound economic harm caused by the perpetuation of his homelessness and the consequent prevention of his ability to secure gainful employment.  This loss of earning capacity is projected for a period of ten (10) or more years, reflecting the long-term impact of being deprived of basic housing necessary to participate in the workforce.

E.  NON-ECONOMIC DAMAGES:

Plaintiff seeks $1,000,000 for profound non-economic damages, encompassing severe pain and suffering, emotional distress, and an acute loss of enjoyment of life.  These subjective losses are directly and proximately caused by Defendants' discriminatory and negligent conduct, specifically their unlawful denial of a reasonable accommodation that perpetuated Plaintiff's homelessness.

The continued deprivation of stable housing has inflicted immense psychological and emotional harm, including but not limited to:

- Heightened anxiety, depression, and a profound sense of insecurity exacerbated by the instability and vulnerability inherent in prolonged homelessness, despite eligibility for assistance.

- Loss of dignity and self-worth stemming from the inability to secure basic shelter despite eligibility, and the systemic barriers imposed by HCHA.

- Exacerbation of pre-existing conditions related to military service, such as CMI stemming from toxic burn pit exposure (as recognized under the PACT Act), chronic mobility issues, and increased tinnitus sensitivity due to lack of a quiet and safe environment.

- Isolation and profound disruption of personal relationships and community reintegration efforts, hindering the ability to build a stable future.

- Inability to pursue personal interests and hobbies that stable housing would allow, leading to a diminished quality of life.

## F. PUNITIVE DAMAGES:

Plaintiff requests punitive damages from the **HARRIS COUNTY HOUSING AUTHORITY**'s operational budget or other available funds, to punish the Defendants for their negligence, foreseeability of harm, breach of duty, and intentional misconduct, and to deter similar conduct in the future.

## G. NOMINAL DAMAGES:

Plaintiff requests nominal damages in the amount of $1.00 to acknowledge the legal wrong committed by the Defendants. f. An order for legal protection preventing **HCHA** from taking any actions that could

negatively impact Plaintiff's eligibility or standing for housing assistance

with the HHA or any other housing providers.

H. Such other and further relief as the Court deems just and equitable,

including systemic reforms within the **HARRIS COUNTY HOUSING**

**AUTHORITY** to ensure compliance with federal regulations, implement

clear and accessible policies regarding reasonable accommodations,

improve oversight of payment standards, and provide adequate

training to staff, all aimed at preventing future harm to vulnerable

individuals and ensuring the effective administration of housing

programs.

I. Plaintiff also requests an award of reasonable costs incurred in

bringing this action, pursuant to 28 U.S.C. § 1920 and other applicable

rules and statutes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, **SEAN AUGUST MUELLER**, respectfully

prays that this Court enter judgment in his favor and against Defendants

**HARRIS COUNTY HOUSING AUTHORITY** and **DEBRA MCCRAY**, granting all the

relief sought herein, including but not limited to declaratory judgment,

mandatory injunctive relief, compensatory damages, non-economic damages,

punitive damages, nominal damages, and all other relief as the Court deems just

and proper.

## VII.  JURY DEMAND

Plaintiff, SEAN AUGUST MUELLER, hereby demands a trial by jury

on all issues so triable.

Dated this day, the 20th of May, 2025.

**SEAN A.  MUELLER, PRO SE**

CIVIL ACTION FOR VIOLATIONS OF FEDERAL HOUSING LAWS AND NEGLIGENCE - 25

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Sean August Mueller

## DEFENDANTS

Harris County Housing Authority and Debra McCray

**(b)** County of Residence of First Listed Plaintiff   HARRIS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   HARRIS
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine / Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | | Protection Act |
| ☐ 195 Contract Product Liability | Product Liability / ☐ 380 Other Personal | Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 360 Other Personal / Property Damage | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| | Injury / ☐ 385 Property Damage | Relations | ☐ 862 Black Lung (923) | Exchange |
| | ☐ 362 Personal Injury - / Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☒ 443 Housing/ / Sentence | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | 26 USC 7609 | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | Employment / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other / ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
2 U.S.C. § 3601 et seq. Fair Housing Act, 42 U.S.C. § 12101 et seq. Americans with Disabilities Act, 29 U.S.C. § 794 Rehabilitation Act of 1973

Brief description of cause:
Housing discrimination based on disability; denial of reasonable accommodation; negligence in HUD-VASH program administration.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$1mm +

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   5/20/2025

SIGNATURE OF ATTORNEY OF RECORD   *S. Mueller*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____