United States District Court
Southern District of Texas

**ENTERED**

March 25, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEAN AUGUST MUELLER, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-2377 |
| | § | |
| HARRIS COUNTY HOUSING | § | |
| AUTHORITY, *et al.*, | § | |
| Defendants. | § | |

## FINAL JUDGMENT

Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Moreover, under its inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases, and under Federal Rule of Civil Procedure 41(b), the Court has the authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962). This case intertwines those legal principles, and under those principles the Court will **DISMISS** this case **WITHOUT PREJUDICE** for failure to prosecute and failure to comply with a court order.

*—Factual and procedural background*

Plaintiff, Sean August Mueller ("Mueller"), is proceeding *in forma pauperis* ("IFP") and has sued Defendants Harris County Housing Authority ("HCHA") and Debra McCray ("McCray"), who when this case was filed was the Director of HCHA's Housing Choice Voucher Program.[1] (Dkt. 1 at pp. 7–8). Mueller is a Marine Corps veteran who has applied for housing assistance through the HUD-VASH program for veterans. (Dkt. 1 at pp. 6–8). The HUD-VASH program is administered by HCHA, and Mueller alleges that HCHA is discriminating against him on the basis of disabilities related to his military service. (Dkt. 1 at pp. 8–15).

The Court conditionally granted Mueller's application for leave to proceed IFP, meaning that in order to obtain a summons from the District Clerk, Mueller is required to submit a completed summons and USM-285 form for each defendant. *See* Southern District of Texas case number 4:25-MC-949 at docket entry 2. Under the Court's order, once Mueller obtains summonses, the U.S. Marshals Service ("USMS") will serve the defendants with process, with the United States advancing the costs of service. *See* Southern District of Texas case number 4:25-MC-949 at docket entry 2.

Shortly after filing his complaint, Mueller submitted completed forms to the District Clerk and obtained summonses for HCHA and McCray. (Dkt. 8; Dkt. 9). The summons for HCHA instructed the USMS to serve HCHA "c/o Melissa Quijano" and to serve McCray personally. (Dkt. 8; Dkt. 9). Melissa Quijano ("Quijano") was, at the time, the Chief

---

[1] According to HCHA's website, Sherika Thompson now holds that position. *See* https://hchatexas.org/about-us/ (accessed on March 24, 2026).

Executive Officer ("CEO") of HCHA.[2] The USMS went to HCHA's address and served Beverly Burroughs ("Burroughs"), HCHA's Director of Program Quality. (Dkt. 8; Dkt. 9).

The USMS's remarks on the returns of service indicated that Burroughs "acknowledged" the summonses and "accepted the[m] on behalf of" HCHA and McCray. (Dkt. 8; Dkt. 9). Based on these returns of service, Mueller sought a default judgment against Defendants. (Dkt. 11). However, the Harris County Attorney's Office, acting as *amicus curiae*, filed an "advisory" stating that Burroughs was "not authorized to accept service on behalf of" HCHA or McCray. (Dkt. 27). The Court denied Mueller's motion for a default judgment and advised him that it would authorize the USMS to reattempt service of process. (Dkt. 28).

Instead of obtaining new summonses for the USMS to reattempt service, Mueller filed an unsuccessful petition for a writ of mandamus with the Fifth Circuit. *See* Fifth Circuit docket number 25-20528 at docket entry 31-1. On March 10, 2026, after the Fifth Circuit issued its order, the Court held a hearing to discuss the matter of service of process. (Dkt. 49). At the hearing, the Court informed Mueller that service on HCHA could only be achieved by serving either the CEO of HCHA or the County Judge of Harris County, while Mueller continued to insist that he had properly effectuated service on Defendants by serving Burroughs. The Court ultimately ordered Mueller to procure new summonses for Defendants by March 17, 2026. (Dkt. 49). The Court informed Mueller that it would order the USMS to serve the new summonses, but the Court also admonished Mueller that failure

---

[2] Evidently, HCHA's CEO is now Horace Allison. *See* https://hchatexas.org/about-us/ (accessed on March 24, 2026).

to comply with its order could result in dismissal of this case for want of prosecution. (Dkt. 49).

Mueller stated on the record that he would not obey the Court's order to obtain new summonses by March 17, 2026; and, indeed, Mueller simply reasserted his motion for a default judgment on March 16, 2026. (Dkt. 50).

—*Service on HCHA*

Under the Federal Rules of Civil Procedure and Texas statutory law, Mueller must serve HCHA by serving either its CEO or the County Judge of Harris County.

Federal Rule of Civil Procedure 4(j)(2) reads as follows:

> (2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.
> Fed. R. Civ. P. 4(j)(2).

The Texas Local Government Code created "[a] housing authority . . . in each county in the state" in 1987; and the Local Government Code further provides that, "[f]or all purposes," with irrelevant exceptions, "a housing authority is a unit of government and the functions of a housing authority are essential governmental functions and not proprietary functions." Tex. Loc. Gov't Code §§ 392.006, 392.012(a). Moreover, though it may employ its own counsel and legal staff, a county housing authority "may request needed legal services from the county attorney[;]" and the county housing authority's

commissioners are appointed and, if necessary, removed by the county's Commissioners Court. Tex. Loc. Gov't Code §§ 392.032, 392.040(b), 392.041. Accordingly, the Court has concluded that service of process on a county housing authority is governed by the statute addressing service of process on a county. The Texas Civil Practice and Remedies Code provides that, "[i]n a suit against a county, citation must be served on the county judge." Tex. Civ. Prac. § Rem. Code § 17.024(a).

In short, the Texas Local Government Code establishes that the State of Texas created HCHA and explicitly designated it as a unit of government. Accordingly, the Federal Rules of Civil Procedure allow Mueller to effectuate service on HCHA by: (1) serving its CEO; or (2) following Texas state law regarding the service of process on county housing authorities, which allows service on the County Judge of Harris County.

Mueller contends that service on Burroughs was sufficient to perfect service on HCHA. In support, Mueller cites to Section 5.255 of the Texas Business Organizations Code, which, according to Mueller, establishes that "service upon a 'managerial official' or an agent in charge of a principal office is legally sufficient." (Dkt. 46 at p. 5). The Court, with respect, disagrees. Whatever Section 5.255 may say, the Court can find no support for the argument that the Business Organizations Code applies to HCHA, which was created under Chapter 392 of the Texas Local Government Code.

—*Rule 4(m) and Rule 41(b)*

As previously noted, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—

must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Moreover, under its inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases and under Rule 41(b), the Court has the authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or to comply with a court order. *McCullough*, 835 F.2d at 1127; *Link*, 370 U.S. at 630–31.

Mueller filed his complaint on May 21, 2025, well over 90 days ago. (Dkt. 1). As of today, Mueller has only served Burroughs, who is not the CEO of HCHA, the County Judge of Harris County, or a party to the case herself. Consequently, Mueller has not served any defendant in this case. In an effort to advance the lawsuit, the Court has ordered Mueller to procure new summonses for the USMS to serve. (Dkt. 49). At the hearing at which the Court gave that order, Mueller repeatedly indicated that he did not intend to comply with it; and he has not.

On this record, the Court sees no way forward other than a dismissal. Accordingly, pursuant to Federal Rule of Civil Procedure 4(m); Federal Rule of Civil Procedure 41(b); and the Court's inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases, it is **ORDERED** that Plaintiff's claims against Defendants are hereby **DISMISSED WITHOUT PREJUDICE for want of prosecution and for failure to comply with an order of the Court.**

All pending motions in this case are **DENIED AS MOOT**. **THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas on March 25, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE